IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN LANDON RIGGS**                                                              **PLAINTIFF**

V.                                           **CASE NO. 5:20-CV-5135**

**CASESTACK, LLC**                                                                 **DEFENDANT**

<u>**OPINION AND ORDER DENYING
MOTION FOR REMAND**</u>

Defendants CaseStack, LLC ("CaseStack") and Hub Group Trucking, Inc. removed this case from the Circuit Court of Washington County, Arkansas on July 30, 2020. (Doc. 1). Plaintiff John Landon Riggs filed a Motion for Remand (Doc. 9) and a Brief in Support (Doc. 10). Mr. Riggs then dismissed Hub Group Trucking, Inc. pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. On September 2, CaseStack filed an Amended Notice of Removal (Doc. 13) and a Response in Opposition to the Motion for Remand (Doc. 14). Mr. Riggs filed a Reply and Objection to Amended Notice of Removal (Doc. 17). The matter is now ripe for decision, and the Court finds that the Motion for Remand (Doc. 9) should be **DENIED**.

Mr. Riggs's state-court complaint brings claims for violations of sections 16-123-107 and 108 of the Arkansas Civil Rights Act against his employer, CaseStack, alleging discrimination on the basis of a disability and retaliation. CaseStack removed the case to federal court, invoking this Court's jurisdiction on the basis of diversity of the parties and the amount in controversy, pursuant to 28 U.S.C. § 1332(a). In providing the factual basis for jurisdiction, CaseStack indicated that it "is incorporated in Delaware with its primary place of business in California." (Doc. 1, ¶ 4). CaseStack went on to state that "[i]n 2018, CaseStack, Inc. converted form and became CaseStack LLC." *Id.*

1

In his Motion for Remand, Mr. Riggs correctly points out that, for the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of the members of the LLC, not by the LLC's place of incorporation or its primary place of business.  CaseStack's amended notice of removal indicates that Hub Group, Inc. is the sole member of CaseStack, LLC.  (Doc. 13, ¶ 5).  Hub Group is incorporated in Delaware with its principal place of business in Illinois.  *Id.* at ¶ 6.  CaseStack represents that "[t]his was true on the date Plaintiff filed his Complaint and on the date Defendant removed the action to this Court."  *Id.*

Mr. Riggs acknowledges that 28 U.S.C. § 1653 allows that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  However, he argues that because no jurisdictional allegations were made in the notice of removal as to the citizenship of CaseStack's members, it cannot be permitted to "amend" those allegations pursuant to § 1653.  In support of this position, Mr. Riggs relies on an opinion authored by Chief Judge John E. Miller in 1962, *Yarbrough v. Black*, 212 F. Supp. 133 (W.D. Ark. 1962), holding that 28 U.S.C. § 1653 "does not authorize an amendment to a petition for removal after the time for filing petition has expired where the petition is completely devoid of any allegation of diversity of citizenship."  *Id.* at 137.

The subsequent decision of the Supreme Court in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), however, undermines the continued relevance of the case on which Mr. Riggs relies.  In *Newman-Green*, it was determined only on appeal to the Seventh Circuit that one of the defendants initially named in the case destroyed diversity as the basis for federal jurisdiction.  The Court considered whether § 1653 permitted the

plaintiff to amend its pleadings to omit this defendant and establish diversity of the parties.

In concluding that § 1653 did not authorize such a course, the Supreme Court opined:

> [Section] 1653 speaks of amending "allegations of jurisdiction," which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. Under this reading of the statute, which we believe is correct, § 1653 would apply if [the non-diverse defendant] were, in fact, domiciled in a State other than Illinois or was, in fact, not a United States citizen, *but the complaint did not so allege*. It does not apply to the instant situation, where diversity jurisdiction does not, in fact, exist.
>
> This interpretation of § 1653 is consistent with the language of its predecessor statute, enacted in 1915, which expressly limited jurisdictional amendments to cases in which diversity jurisdiction "in fact existed at the time the suit was brought or removed, *though defectively alleged*." § 274c, Act of Mar. 3, 1915, 38 Stat. 956, 28 U.S.C. § 399 (1946 ed.). There is nothing in the 1948 legislative history to indicate that, in changing the wording of this statute, Congress intended to abandon the limitation just quoted.

*Id.* at 831 (emphasis added). Mr. Riggs urges the Court to read this case as interpreting § 1653 to allow amendment only where the basis for diversity was "imperfectly stated" but not where, as here, "no allegation was made related to the citizenship of CaseStack's membership." (Doc. 10, p. 6). The Court disagrees with this interpretation of *Newman-Green*. In the passage quoted above, the Supreme Court clearly understands that "[section] 1653 *would apply*" where the parties were diverse "*but the complaint did not so allege*." The Court also determines that the explicit statement in the prior version of the statute that amendment was permitted when diversity jurisdiction "in fact existed at the time the suit was brought or removed, *though defectively alleged*," still pertains in the statute's current form. 490 U.S. at 831 (emphasis added). Here, CaseStack *defectively alleged* its citizenship by naming its place of incorporation and principal place of business instead of the citizenship of its members. Even if this Court accepted Mr. Riggs's premise

that *no* facts were offered alleging diversity rather than erroneous facts, nothing in the Supreme Court's opinion in *Newman-Green* suggests that "defectively alleged" refers only to situations where incorrect information was included, and not to situations where correct information was left out altogether.

*Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014), emphasized by Mr. Riggs in his brief in reply, *see* Doc. 17, p. 2, does not suggest a different conclusion.  In *Wood*, the Fourth Circuit noted a tension between the removal statute, which allows only thirty days for removal, *see* 28 U.S.C. § 1446(b), and § 1653, which places no time limit on the period to amend jurisdictional allegations.  In affirming the district court's refusal to allow the defendant to amend its notice of removal pursuant to § 1653, the Fourth Circuit emphasized the evidence that the defendant's "failure to include [certain claims] as a grounds for removal was no mere inadvertence, nor a clerical error, but instead a strategic choice."  *Id.* at 324 (internal quotation marks and citation omitted).  The court concluded that, "[a]s a result, the district court correctly denied as untimely [defendant's] attempt to amend its notice of removal to include [those] claims."  *Id.*  Here, in contrast, there is no evidence to suggest that CaseStack's error was strategic rather than inadvertent.

CaseStack timely filed a notice of removal.  It is undisputed that actual diversity existed when the state-court complaint was filed and when the action was removed to this Court.  Therefore, even though CaseStack incorrectly identified its citizenship for the purposes of diversity jurisdiction in its original notice, and the thirty-day period for removal has passed,  CaseStack is permitted, pursuant to § 1653, to amend its notice of removal to allege the correct factual basis for diversity jurisdiction.

4

Next, Mr. Riggs alleges that CaseStack failed to file its notice of removal "together with a copy of all process, pleadings, and orders served" upon the Defendant, as required by 28 U.S.C. § 1446(a).  Specifically, Mr. Riggs notes that CaseStack failed to include a copy of the process served upon it.  Mr. Riggs acknowledges that "the majority of circuits to review such failures have found them to be *di* [sic] *minimis* violations" of the statute, but urges this Court to apply "the strict construction requirement of removal statutes" and prohibit amendment now that the thirty-day removal period has expired.  (Doc. 10, pp. 6–7).  Since there is, as Mr. Riggs recognizes, a "lack of binding authority on point," *id.* at p. 7, this Court agrees with the circuit courts that have confronted this issue that CaseStack's failure to include a copy of the process served upon it is de minimis and does not require remand where the basis for removal is otherwise sound.

For these reasons, the Court finds that it has jurisdiction over Plaintiff John Riggs's claims, and his Motion for Remand (Doc. 9) is **DENIED**.

**IT IS SO ORDERED** on this 17th day of September, 2020.

                                                                      _____
                                                                       TIMOTHY L. BROOKS
                                                                       UNITED STATES DISTRICT JUDGE